UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALLEY INSURANCE COMPANY and TRINITY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>WELLINGTON CHESWICK, LLC, *et al.*,<br><br>Defendants. | CASE NO.  C05-1886RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on defendant Hartford Casualty Insurance Company's ("Hartford") Motion for Reconsideration. (Dkt. #193). Defendant asks the Court to reconsider its previous Order denying its motion for summary judgment, wherein the Court determined that Hartford is obligated to contribute to the cost of defending the Wellington entities in the underlying state court litigation. Defendant argues that new facts arose after the close of briefing on the motion for summary judgment, which directly bear on the question of whether Hartford is liable to contribute to the defense of the Wellington entities. Namely, defendant notes that plaintiffs have never actually made any payments for Wellington's defense costs, and therefore, they cannot assert a right to equitable contribution. Defendant also reiterates its original argument that it has already settled the underlying claims, and that the Wellington entities have released it from any further defense costs.

ORDER
PAGE - 1

The Court directed plaintiffs to file a limited response to the motion, and they have filed such response. (Dkt. #202). This matter is now ripe for review. Having reviewed defendant's motion for reconsideration, plaintiffs' response, and the remainder of the record, this Court hereby finds and ORDERS:

(1) Defendant's Motion for Reconsideration (Dkt. #193) is DENIED. By local rule, motions for reconsideration are disfavored, and the Court will ordinarily deny such a motion in the absence of "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." W.D. Wash. Local Rule CR 7(h).

In its motion for reconsideration, defendant argues that this Court erroneously determined that it is obligated to contribute to the cost of defending the Wellington entities in the underlying state court litigation because a contribution claim does not arise until a party actually discharges the liability of another. In this case, defendant argues that it is not required to contribute because plaintiffs have never actually paid out any defense costs on behalf of the Wellington entities. The Court is not persuaded.

First, defendant has failed to demonstrate why this argument could not have been raised with reasonable diligence on its motion for summary judgment. Defendant's argument that new facts arose after briefing on their motion was complete is disingenuous. Defendant has been aware since the Joint Status Report ("JSR") was filed in this case on June 16, 2006, that National Fire & Marine Insurance Company has been advancing the defense costs. (Dkt. #66). That JSR, which was submitted jointly by all parties, states "National Fire accepted the tender under a reservation of rights, and has funded Wellington's defense to date." (Dkt. #66 at 2). Thus, it does not appear that such fact was only "newly discovered" six months later, after briefing on summary judgment had closed.

Second, even if the Court considered defendant's new argument, the Court agrees with plaintiffs that whether they have actually paid any defense costs is irrelevant. Plaintiffs have not

sought a monetary judgment against defendant; rather, they have sought a declaration of defendant's obligations. Further, in Washington, an insurer who has a contractual duty to defend continues to have that duty regardless of the existence of other insurance, and may be liable for breach of contract for wrongfully refusing to aid in that defense. *See Western Pacific Ins. Co. v. Farmers Ins. Exch.*, 69 Wn.2d 11, 18 (1966); *Clow v. Nat'l Indem. Co.*, 54 Wn.2d 198, 207-08 (1959).

Finally, to the extent that defendant reiterates its original argument that the Wellington entities have released it from further defense costs, the Court declines to revisit that argument. In making its previous decision, the Court fully considered plaintiff's arguments, and examined the factual record presented on summary judgment. Defendant has presented no new facts or arguments that persuade the Court that it committed manifest error in making that decision. Accordingly, the Court declines to reconsider its previous Order.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this   19   day of March 2007.

                                RICARDO S. MARTINEZ
                                UNITED STATES DISTRICT JUDGE