1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALLEY INSURANCE COMPANY and
TRINITY INSURANCE COMPANY,

          Plaintiffs,

          v.

WELLINGTON CHESWICK, LLC, *et al.*,

          Defendants.

CASE NO.  C05-1886RSM

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on defendant Travelers Indemnity Company's[1] ("Travelers") Motion for Summary Judgment on the issue of whether it is required to contribute to plaintiffs' defense and indemnification of Wellington Cheswick, LLC and Wellington Crown Corporation Inc. ("the Wellington entities") in the underlying state court proceeding.  (Dkt. #200). Defendant presents numerous arguments as to why plaintiffs are not entitled to contribution. However, because the Court now finds that plaintiffs do not have standing to maintain this action against the instant defendant, or any other defendant named in this action, the Court addresses only

---

[1] Defendant notes, and plaintiffs concede, that it was improperly sued under the name St. Paul Travelers.  Accordingly, the Clerk shall amend the caption to correctly reflect defendant's name as directed below.

ORDER
PAGE - 1

defendant's argument with respect to that issue.  For the reasons set forth below, the Court

GRANTS defendant's motion for summary judgment, and DISMISSES this action.

## II.  DISCUSSION

### A.  Background

The Court has now set forth the factual and procedural background of this case on numerous

occasions, and will not repeat it here.  The Court simply notes that Travelers insured Bruno

Construction, the subcontractor responsible for installing the interior drywall during Phase II of the

construction.  Any other pertinent facts will be discussed in context below.

### B.  Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).   The Court must draw all

reasonable inferences in favor of the non-moving party.  *See F.D.I.C. v. O'Melveny & Meyers*, 969

F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994).  The moving party has

the burden of demonstrating the absence of a genuine issue of material fact for trial.  *See Anderson*,

477 U.S. at 257.  Mere disagreement, or the bald assertion that a genuine issue of material fact

exists, no longer precludes the use of summary judgment.  *See California Architectural Bldg.*

*Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could

return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248.  Material facts are those

which might affect the outcome of the suit under governing law.  *See id.*  In ruling on summary

judgment, a court does not weigh evidence to determine the truth of the matter, but "only

determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549

(9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).  Furthermore, conclusory or

1   speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.

2   *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).

3   Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in

4   summary judgment motions.  *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir.

5   1980).  Here, plaintiffs agree, for purposes of this motion, with defendant's factual allegations, and

6   also agree that the issues raised can be resolved on summary judgment as a matter of law.

7   **C. Standing**

8   Defendant argues, *inter alia*, that plaintiffs have no standing to bring an equitable

9   contribution claim against it, or any other of the named defendants.  Defendant argues that this is

10  because plaintiffs have never actually paid to defend the Wellington entities, and will never be

11  required to pay.  Therefore, there will never be any costs to reimburse.  Plaintiffs do not dispute this

12  argument.  In fact, plaintiffs, in response to summary judgment, concede that: (1) they have never

13  paid for the defense of the Wellington entities' (2) National Fire & Marine Insurance Company

14  ("NFMIC") is the only insurer that has paid anything; and (3) NFMIC has failed to assert a

15  compulsory counterclaim seeking equitable contribution from plaintiffs in this action.  Further, the

16  Court notes that NFMIC has not filed a response to the instant motion.

17  The Court agrees with defendant.  Federal Rule of Civil Procedure requires a party to state as

18  a counterclaim any claim the party has against any opposing party "if it arises out of the transaction

19  or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a).  The

20  Court determines "whether a claim arises out of the same transaction or occurrence by analyzing

21  'whether the essential facts of the various claims are so logically connected that considerations of

22  judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'"  *Hydranautics v.*

23  *FilmTec Corp.*, 70 F.3d 533, 536 (9th Cir 1995) (quoting *Pochiro v. Prudential Ins. Co. of America*,

24  827 F.2d 1246, 1249 (9th Cir. 1987)).  "If a party has a counterclaim which is compulsory and fails

25  to plead it, it is lost, and cannot be asserted in a second, separate action after conclusion of the first."

26

1   *Id.*; *Seattle Totems Hockey Club, Inc. v. National Hockey League*, 652 F.2d 852, 854 (9th Cir.

2   1981).

3          In the instant case, NFMIC was named as a defendant, but failed to assert a contribution

4   claim from plaintiffs as a counterclaim in its Answer.  (Dkt. #191).  Such claim is compulsory, as it is

5   so logically connected to the claims plaintiffs have brought against the other insurers.  Indeed, a

6   claim by NFMIC against plaintiffs for contribution is an essential condition to the claims brought in

7   this case.  The deadline for discovery has passed, and trial is just three months away.  Accordingly,

8   NFMIC may no longer assert its claim.  As a result, plaintiffs will never be required to contribute to

9   defense costs already paid by NFMIC, and their claims against defendant, and all other named

10  defendants, must fail.

11         To establish the right to contribution, plaintiffs must have paid more than its fair share of the

12  defense costs.  *Fireman's Fund Ins Co. v. Maryland Cas. Co.*, 65 Cal.App.4th 1279, 77 Cal.Rptr.2d

13  296, 303 (1998); *United Pacific Ins. Co. v. Hanover Ins. Co.*, 217 Cal.App.3d 925, 266 Cal.Rptr.

14  231, 237 (1990).  Here, plaintiffs will never pay.  Thus, its claim against defendants will be for zero

15  dollars.  Accordingly, the Court agrees with defendant that plaintiffs no longer present a live case or

16  controversy, and their claim must be dismissed.  *See* 28 U.S.C. § 2201(a); *see also Defenders of*

17  *Wildlife v. Martin*, 454 F. Supp.2d 1085, 1102 (E.D. Wash. 2006).  It is not necessary to reach

18  defendants' remaining arguments with respect to the duty to defend, nor is it necessary to address the

19  other defendants' pending motions for summary judgment.

20                                **III. CONCLUSION**

21         Having reviewed defendant's motion for summary judgment, plaintiffs' response, defendant's

22  reply, the declarations and exhibits in support of those briefs, and the remainder of the record, the

23  Court hereby ORDERS:

24         (1)  The Clerk shall AMEND the caption of this case to replace "St. Paul Travelers" with the

25  correct name "Travelers Indemnity Company."

26

1   (2)  Defendant Travelers Indemnity Company's Motion for Summary Judgment (Dkt. #200)

2   is GRANTED, and Travelers Indemnity Company is hereby DISMISSED as a defendant to this

3   action.

4   (3)  Notwithstanding any of the Court's prior Orders in this action, the Court now finds that

5   plaintiffs may not maintain an action for equitable contribution in this Court.  Accordingly, this action

6   is DISMISSED against all defendants with prejudice, and the case shall be CLOSED.

7   (4)  Defendant Mid-Century's pending Motion for Summary Judgment (Dkt. #205) and

8   defendant Maryland Casualty Insurance Company's pending Motion for Summary Judgment (Dkt.

9   #213) shall be STRICKEN AS MOOT.

10  (5)  The Clerk shall forward a copy of this Order to all counsel of record.

11  DATED this _9__ day of April, 2007.

12

13  RICARDO S. MARTINEZ
    UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 5