UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALLEY INSURANCE COMPANY and TRINITY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>WELLINGTON CHESWICK, LLC, *et al.*,<br><br>Defendants. | CASE NO. C05-1886RSM<br><br>ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT |

This matter comes before the Court on defendants American States Insurance Company's ("American States"), American Economy Insurance Company's ("American Economy") and Hartford Casualty Insurance Company's ("Hartford") motion for relief from judgment pursuant to Federal Rule of Civil Procedure Rule 60(b). (Dkt. #240).

This action arises from a construction defect lawsuit in King County Superior Court. In 2004, the Cheswick Lane Owners Association sued the developer and general contractor of a condominium complex in King County Superior Court, alleging that the condominiums had been damaged due to defective construction. After the lawsuit was filed, the general contractor assigned any rights it had against the subcontractors to the developer, which subsequently brought a third party complaint against 19 of the subcontractors. The developer (known in this

ORDER
PAGE – 1

action as "the Wellington entities") tendered claims for defense and indemnity in the initial lawsuit to its own insurers, Lloyds of London and National Fire and Marine Insurance Company. The Wellington entities then tendered claims for defense and indemnity to many of the subcontractors' insurers, alleging that the Wellington entities were additional insureds under those policies. Plaintiffs in this action, Valley Insurance and Trinity Insurance, accepted the tenders under a reservation of rights. They then brought the instant action seeking a declaratory judgment regarding the obligations of the various subcontractors' insurers to contribute to the defense and indemnity obligations of the Wellington entities.

Several motions for summary judgment followed. These motions were filed early in the proceedings, and prior to the filing of some of the other defendants' Answers had been filed. In those motions, various defendants asked for determinations as a matter of law that they were not subject to contribution to the defense obligations of the Wellington entities. Plaintiffs cross-moved for determinations that they were. This Court initially determined that American States, American Economy and Hartford were required to contribute to the Wellington entities' defense. However, the Court explicitly noted that it did not reach the issue of indemnity with respect to those defendants. The Court also found that defendants Century Surety Company ("Century") and Contractors Bonding and Insurance Company ("CBIC") were not required to contribute to the defense or indemnity of the Wellington entities.

Subsequently, Travelers Indemnity Company ("Travelers") moved for summary judgment, arguing, *inter alia*, that plaintiffs had no standing to bring an equitable contribution claim against it, or any other of the named defendants, because plaintiffs have never actually paid any of the Wellington entities' defense costs, and will never be required to pay. The Court agreed, finding that National Fire & Marine Insurance Company ("NFMIC"), as the only insurer that had actually paid any of the defense costs, had failed to assert a compulsory counterclaim seeking

ORDER
PAGE – 2

equitable contribution from plaintiffs in this action, resulting in the loss of any claim by NFMIC against plaintiffs for contribution. The Court further found that such a claim would have been an essential condition to the claims brought against the defendants in the instant case, and concluded that plaintiffs no longer presented a live case or controversy, thereby dismissing their claims.

American States and American Economy, joined by Hartford, now move to vacate the previous judgments against them, arguing that as a result of this Court's ruling on Traveler's motion, plaintiffs never had standing to bring a claim in this Court, and therefore, the Court's prior determinations should not stand.

Having reviewed defendants' Motion for Relief from Judgement (Dkts. #240 and #241), plaintiffs' response (Dkt. #244), Cheswick Lane Condominium Assocaition's joinder in that response (Dkt. #245), defendants' reply (Dkt. #246), and the remainder of the record, the Court does hereby find and ORDER:

(1) Defendants' Motion for Relief from Judgment (Dkt. #240) is GRANTED. The Ninth Circuit Court of Appeals has explained that a district court may act in its discretion and vacate a judgment upon a balancing "between the competing values of the right to relitigate and finality of judgment." *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982); *American Games v. Trade Prods.*, 142 F.3d 1164, 1169 (9th Cir. 1998). In the instant case, plaintiffs urge the Court to deny defendants' motion, arguing that the Court's Orders provide the only instance where a court has interpreted the language "with respect to liability arising out of ongoing operations," which is common in additional insured endorsements across the country. Plaintiffs also note that this Court never lacked jurisdiction to make its previous rulings, and therefore, they should remain final.

As an initial matter, the Court agrees that it did not lack jurisdiction at the time it made its

ORDER
PAGE – 3

initial decisions with respect to defendants' obligation to contribute to the Wellington entities' defense. At that time, NFMIC had not yet filed its Answer to the Complaint, and no party could address the issue which ultimately rendered this action moot. Further, the Court explicitly addressed the issue of standing in its decision on Hartford's motion for reconsideration, explaining that because plaintiffs had not sought a monetary judgment against defendant, but rather had sought a declaration of defendants' obligations, it was of no import that NFMIC had been the only insurer to actually pay any defense costs.

However, this Court has also recognized that to establish the right to contribution, plaintiffs must have paid more than its fair share of the defense costs. *See Karnatz v. Murphy Pacific Corp.*, 8 Wn. App. 76, 81 (1972) ("One who has paid the whole of a *common* obligation is entitled to recover one-half of his payment from one who is *equally* obligated." (Emphasis in original)); *Fireman's Fund Ins Co. v. Maryland Cas. Co.*, 65 Cal.App.4th 1279, 77 Cal.Rptr.2d 296, 303 (1998); *United Pacific Ins. Co. v. Hanover Ins. Co.*, 217 Cal.App.3d 925, 266 Cal.Rptr. 231, 237 (1990). In this case, plaintiffs will never be required to contribute to the Wellington entities' defense, and therefore cannot establish a claim for contribution against any of the defendants. That fact now undermines this Court's prior determinations, which presumed plaintiffs would be obligated to contribute at some point to the amount NFMIC had paid in defense costs. Accordingly, the Court agrees with defendants that there is justification for relief from judgment, and the Courts prior Orders should be vacated. *See* Fed. R. Civ. P. 60(b)(6).

(2) The Court's prior Orders finding that American States Insurance Company, American Economy Insurance Company and Hartford Casualty Insurance Company were required to contribute to the Wellington entities' defense, as well as those portions of the Orders on related motions for reconsideration pertaining to the issue of contribution, (Dkts. #115, #147, #187, #210 and #211), are hereby VACATED.

ORDER
PAGE – 4

1    (3)  The Clerk is directed to forward a copy of this Order to all counsel of record.

2    DATED this 24th day of May, 2007.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 5